UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RICHARD MAGEE, ANDREW CAROFANO, and
AMANDA FLETCHER, on behalf of themselves
and others similarly situated,

**CLASS ACTION**

Plaintiffs,

**JURY TRIAL DEMANDED**

v.

EPIC RESTAURANT GROUP, INC., a Florida corporation,
d/b/a OCEANS 234 f/k/a MAXWELL'S BY
THE SEA, INC. d/b/a OCEANS 234 and DANIELLE
ROSSE f/k/a and a/k/a DANIELLE WILLIAMS, an individual,

Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiffs, RICHARD MAGEE, ANDREW CAROFANO, and AMANDA FLETCHER on behalf of themselves and other similarly situated employees, file this Complaint against the Defendants EPIC RESTAURANT GROUP, INC. d/b/a OCEANS 234, f/k/a MAXWELL'S BY THE SEA, INC. d/b/a OCEANS 234, ("EPIC"), and DANIELLE ROSSE f/k/a and a/k/a DANIELLE WILLIAMS (hereinafter, "ROSSE"), and state as follows:

**INTRODUCTION**

1. The Plaintiffs bring this action on behalf of themselves and others employees similarly situated pursuant to the Florida Minimum Wage Amendment, ("FMWA"), Article X, §24 of the Florida Constitution, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and Fed.R.Civ.P. 23 to recover unpaid minimum wages, liquidated damages, compensatory

damages in the amount of unlawfully retained tips and other amounts unlawfully withheld, attorneys' fees, costs and expenses, and all other relief the Court deems appropriate.

## JURISDICTION

2. This Court has original jurisdiction over the unpaid minimum wage claims asserted herein pursuant to FLSA, 29 U.S.C. §201 *et seq.,* 29 U.S.C. 216(b) and 28 U.S.C. §1331.

3. The Court has supplemental jurisdiction over the FMWA claims pursuant to 28 U.S.C. §1367.

4. At all times pertinent to this Complaint, the Defendant EPIC was an "enterprise engaged in interstate commerce," as defined by the FLSA.

5. At all times pertinent to this Complaint, Defendants regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6. At all times pertinent to this Complaint, Defendant EPIC employed two or more persons "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in §203(s)(1)(A)(i).

7. The Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce. Specifically, on a regular and recurrent basis, the Plaintiffs and other bartenders and servers, handled food and beverages as part of their food/beverage serving duties that were manufactured outside the State of Florida.

8. During the relevant time period, the corporate Defendant EPIC had an annual gross volume of sales made or business done in excess of $500,000.00 in accordance with §203(s)(1)(a)(ii).

## VENUE

9. Venue is proper in the Southern District of Florida. The Defendant EPIC does business in Deerfield Beach, Florida, in Broward County. The Plaintiffs performed worked for the Defendants in the Southern District of Florida. The Southern District of Florida is the place where the causes of action occurred.

## PARTIES

10. From or about November 20, 2013 to about October 22, 2016, the Plaintiff MAGEE was employed as a server at OCEANS 234.

11. From or about August 1, 2012 to about March 25, 2016, the Plaintiff, CAROFANO was employed as a bartender at OCEANS 234.

12. From or about 2008 to about January 27, 2017, the Plaintiff, FLETCHER was employed as a bartender at OCEANS 234.

13. For a period during 2015, the OCEANS 234 was closed for renovations, but Defendants required servers and bartenders, including the Plaintiffs, to spend some time during the closure attending training.

14. Defendant EPIC employed the Plaintiffs and other similarly situated servers and bartenders to sell and serve food and drinks to its customers.

15. At all times material hereto, MAGEE was and continues to be a resident of Broward County, Florida in the Southern District of Florida.

16. At all times material hereto, CAROFANO, was and continues to be a resident of Broward County, Florida in the Southern District of Florida.

17. At all times material hereto, FLETCHER was and continues to be a resident of Broward County, Florida in the Southern District of Florida.

18. Plaintiff MAGEE was "employee" of the Defendant EPIC and EPIC was his "employer" within the meaning of the FLSA and FMWA.

19. Plaintiff CAROFANO was an "employee" of the Defendant EPIC and EPIC was his "employer" within the meaning of the FLSA and FMWA.

20. Plaintiff FLETCHER was an "employee" of the Defendant EPIC and EPIC was her "employer" within the meaning of the FLSA and FMWA.

21. During the relevant time period, Defendant EPIC was an employer within the meaning of the FLSA and the FMWA.

22. The Plaintiffs and other employees similarly situated who worked at OCEANS 234 were covered employees within the meaning of the FLSA and FMWA.

23. During the relevant time period, Defendants had control over the working conditions at EPIC and over the unlawful policies or practices alleged herein.

24. Defendant ROSSE was an employer within the meaning of the FLSA and the FMWA.

25. Defendant ROSSE was an owner of and manager of EPIC and was involved in the day-to-day operations of the Defendant EPIC and/or was, ultimately, responsible for the supervision of the Plaintiffs and other similarly situated employees. Therefore, she is personally liable for the violations alleged herein.

26. Defendant, ROSSE was directly involved in setting policies and practices affecting employee compensation at OCEANS 234, including the policies and practices that are the subject of this lawsuit, and/or was involved in setting the hours worked by Plaintiffs and other employees similarly situated employees at OCEANS 234.

## FACTUAL ALLEGATIONS

27. Under the FLSA, 29 U.S.C. §203(m), and therewith Fla. Const. Art. X, §24, an employer may use a portion of its tipped employees' earned tips (not to exceed $3.02 per hour) to meet its minimum wage obligations ("tip credit") if (1) it provides its tipped employees with notice of the tip credit provisions; and (2) tipped employees are permitted to retain all tips they receive with exception of a valid tip pool among employees who customarily and regularly receive tips. *See* Fla. Const., Art. X, §24(c); 29 U.S.C. § 203(m). If an employer fails to meet either requirement, the employer may not use the tip credit and must directly pay its employees the full minimum wage for all hours worked.

28. The Plaintiffs, and other similarly situated bartenders and servers were hourly paid, "tipped" employees.

29. The similarly-situated current and former servers and bartenders are or were all OCEANS 234 restaurant employees who performed the same or similar duties as that of Plaintiffs and were not paid the full minimum wage as required by the FLSA and FMWA.

30. During the Plaintiffs' employment as well as those of other similarly situated bartenders and servers employed by EPIC, EPIC claimed a "tip credit" for the Plaintiffs and other bartenders and servers, and paid them $3.02 less than the Florida minimum wage for some hours worked.

31. The Defendant EPIC unlawfully availed itself of a "tip credit" under the FLSA and FMWA.

32. The Defendant EPIC failed to meet all the legal requirements for taking a tip credit.

33. Upon information and belief, Defendant EPIC had a policy or practice of deducting 3% from the credit card tips of the Plaintiffs and other bartenders and servers at EPIC.

34. By deducting 3% of the Plaintiffs' and other server and bartender tips, Defendant EPIC retained a portion of the tips of bartenders and severs, including the Plaintiffs and others similarly situated.

35. Upon information and belief, based on the credit card processing fees charged to the Defendant EPIC, the 3% deduction from the credit card tips of the Plaintiffs and others similarly situated enriched the Defendant EPIC.

36. Because Defendant EPIC was enriched by the 3% deduction from credit card tips of the Plaintiffs' and others similarly situated, such deduction violated FLSA and FMWA.

37. Defendant EPIC had a policy or practice wherein Defendant EPIC retained a portion of the tips of bartenders, including the Plaintiffs CAROFANO and FLETCHER, and other similarly situated bartenders, for alleged cash register shortages, including when patrons "walked out" without paying their bill, or when a credit card was declined.

38. Defendants' policy or practice of retaining bartenders' tips to cover EPIC's cash register shortages violated the tip credit requirements of the FLSA and FMWA.

39. Defendant EPIC specifically required bartenders and/or servers at OCEANS 234 to purchase the following items to work at OCEANS 234, thereby causing their wages to fall

below the minimum wage for the workweeks in which such items were purchased, in violation of the FLSA and FMWA:

   a. Uniforms for servers, including but not limited to an apron, Crocs brand shoes which cost approximately $50.00, Dickies brand pants which cost approximately $30.00, and shirts with the OCEANS 234 company logo which cost approximately $25.00 each.

   b. Vests for bartenders from the company Uniforms by Class Act LLC, which cost approximately $39.00.

   c. Lululemon brand pants for female bartenders at a cost of approximately $100 each.

   d. Prior to the requirement to purchase Lululemon brand pants, OCEANS 234 female bartenders were required to purchase Victoria's Secret brand pants at a cost of approximately $25 each.

   e. Specific types of corsets for female bartenders from Uniforms by Class Act LLC to work at OCEANS 234, which cost approximately $65 each.

   f. Costumes for themed parties.

   g. A "Hot Schedule" application (a smart phone "app") which costs approximately $2.99, which allowed Defendants to provide employees with their work schedule.

40. The aforementioned items Defendants required servers and bartenders to purchase were primarily for the benefit of OCEANS 234.

41. Defendant EPIC had mandatory monthly meetings on the first Tuesday of each month, which included cleaning sessions.

42. Defendants failed to pay the Plaintiffs and others similarly situated for required meetings and cleaning sessions, or improperly paid them at a reduced minimum wage for such non-tip generating work.

43. Defendants failed to pay the Plaintiffs and others similarly situated for mandatory training.

44. Defendants failed to pay the Plaintiffs and others similarly situated for time spent learning the about the OCEANS 234's menu and wines sold at OCEANS 234.

45. Defendants' policy or practice of not paying servers and bartenders for meetings and training deprived them of FMWA and FLSA minimum wages for those hours worked.

46. Defendants failed to inform the Plaintiffs and others similarly situated of the tip credit provisions as required by the FLSA, 29 U.S.C. §203(m) and the FMWA.

47. Defendants' failure to inform the Plaintiffs and others similarly situated of the information required to take a tip credit rendered the tip credit invalid at OCEANS 234.

48. Defendants were not entitled to take a $3.02 tip credit against the minimum wages of the Plaintiffs and other employees similarly situated.

49. Since Defendants were unable to claim a "tip credit," they were required to compensate the Plaintiffs, and others similarly situated, whom they employed with at least the full FLSA and Florida minimum wage for each hour worked.

50. Defendants failed to keep accurate time and pay records regarding all the hours worked by the Plaintiffs and others similarly situated, as required by the FLSA and FMWA.

51. Because during the times relevant to the Complaint, other bartenders and servers were subjected to the same unlawful pay practices and policies described herein, the Plaintiffs seek to

bring this action as a FMWA class action as to the Florida minimum wage claims, and as a collective action as to the FLSA claims.

52. The Plaintiffs have retained Bober & Bober, P.A. to represent them in this action and are obligated to pay reasonable attorney's fees, costs, and expenses if they prevail.

53. All conditions precedent to filing this action, if any, have been satisfied.

## COUNT I

## COLLECTIVE ACTION FOR PLAINTIFFS AND
## OTHER EMPLOYEES SIMILARLY SITUATED PURSUANT TO 29 U.S.C. 216(b)

## FLSA MINIMUM WAGE VIOLATION, 29 U.S.C. §206

54. The Plaintiffs, on behalf of themselves and others similarly situated, re-allege paragraphs 1 through 53 as if fully stated herein.

55. Pursuant to 29 U.S.C. § 216, the Plaintiffs are provided a statutory right to bring this action on behalf of themselves and other employees similarly situated.

56. The proposed class members worked for Defendants at OCEANS 234 located in Deerfield Beach, Florida.

57. During the relevant time period, the federal minimum wage for regular hours worked was $7.25.

58. Defendants violated the FLSA's minimum wage provisions though their unlawful policies and pay practices, as set forth above.

59. The Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §203(m).

60. Defendants willfully violated the FLSA's minimum wage provisions.

61. Plaintiffs and the proposed class of similarly situated bartenders and servers were subjected to similar violations of the FLSA's minimum wage provisions.

62. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) for alleged minimum wage violations is defined as:

> **All persons who worked for the Defendants as bartenders and servers during the past three (3) years, who were not paid a direct wage of at least the *full* minimum wage for hours worked.**

63. The size of the class and identity of the FLSA Class can be ascertained from the business records of Defendants.

WHEREFORE, Plaintiffs respectfully request, on behalf of themselves and other similarly situated bartenders and servers, that a collective action be certified and that judgment be entered in their favor against the Defendants:

a. Declaring that Defendants, jointly and severally, violated the minimum wage provisions of the FLSA;

b. Awarding the Plaintiffs and other employees similarly situated, minimum wage compensation, and other benefits in the amount calculated;

c. Awarding the Plaintiffs and other employees similarly situated, liquidated damages in the amount calculated;

d. Awarding the Plaintiffs and others similarly situated a recoupment of tips and other monies unlawfully paid to the Defendants;

e. Awarding the Plaintiffs and other employees similarly situated attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f. Awarding the Plaintiffs and employees similarly situated post-judgment interest; and,

g. Awarding such other and further relief as this Court deems just and proper.

## COUNT II

## CLASS CLAIM

## CLASS CLAIM FOR UNPAID MINIMUM WAGES – ARTICLE X, §24, FLORIDA CONSTITUTION

64. Plaintiffs on behalf of themselves and the Class reallege paragraphs 1 through 53 as if fully set forth herein.

65. This Count is brought pursuant to and arising under Article X, §24 of the Florida Constitution and Fed.R.Civ.P. 23(a) and (b)(3).

66. Claims for violations of the Florida Minimum Wage Amendment may be brought as a class action. *See* Fla. Const. Art. X, § 24.

67. Article X, §24 of the Florida Constitution sets forth Florida's minimum wage law.

68. The Florida Constitution requires employers to pay employees wages that are no less than the Florida minimum wage for all hours worked. *Id*. at § 24(c).

69. During the relevant time period, the Florida minimum wage was: $7.67 in 2012; $7.79 in 2013; $7.93 in 2014; $8.05 in 2015 and 2016; and $8.10 in 2017.

70. The FMWA incorporates the FLSA's eligibility requirements for taking a tip credit.

71. Defendants violated the Florida Constitution, Art. X, §24's minimum wage provisions though their unlawful policies and pay practices, as set forth above.

72. Defendants' failure to pay the Plaintiffs and class members the full, applicable Florida minimum wage violated Article X, §24 of the Florida Constitution.

73. Defendants' willfully violated Fla. Const. Art. X, §24's minimum wage provisions.

74. Pursuant to Article X, §24 Fla. Const., the Plaintiffs and the Class members are entitled to the full Florida minimum wage for each hour worked, an equal amount of liquidated damages, compensatory damages which recoup their tips and other monies retained by Defendants, equitable relief, as well as reasonable attorneys' fees, costs, and expenses.

75. Pursuant to Fla. Const. Art. X, §24(e), if an employer does not allow a tipped employee to retain all tips with the exception of a valid tip pool, the tipped employee is entitled to seek other "legal or equitable relief as may be appropriate to remedy the violation," including compensatory damages from the employer for the tips that were improperly taken.

76. The Plaintiffs bring this FMWA count as a class action against all Defendants on behalf of themselves and a putative Class consisting of:

> **All persons who worked for the Defendants as bartenders or servers during the five (5) years preceding this lawsuit, who were not paid a direct wage of at least the full Florida minimum wage for hours worked pursuant to Article X, §24 of the Florida Constitution.**

77. The definition of the Class as set forth above is subject to amendment upon completion of discovery.

**CLASS ACTION ALLEGATIONS**

78. Numerosity: The Class, as defined above, is so numerous as to make joinder impractical and judicially inefficient. The exact number of affected individuals can be determined by reviewing Defendants' records. Upon information and belief, during the relevant time period, more than 100 bartenders and servers were employed at OCEANS 234. Many of these affected workers, having identical claims to the named Plaintiffs, are former employees.

79. <u>Commonality:</u> Plaintiffs' claims involve questions of law and fact common to each member of the Class, which include, but are not limited to:

   a. Whether the Defendants were enriched by the 3% the Defendants deducted from server and bartender credit card tips;

   b. whether Defendants had a policy or practice of retaining a portion of bartenders' tips when there was an alleged shortage in the Defendants' cash register, when patrons "walked out" without paying their bill, or when a credit card was declined, thereby rendering the tip credit invalid;

   c. whether Defendants provided bartenders and servers with proper notice of the tip credit provisions in accordance with Fla. Const. Article X, § 24(c), which incorporates the FLSA's tip credit requirements;

   d. whether Defendants had a policy or practice of failing to pay servers and bartenders for meetings and/or training;

   e. whether Defendants had a policy or practice of making servers and bartenders pay for uniforms and other items causing the wages of the Plaintiffs' and others similarly situated to fall below the minimum wage;

   f. whether the Defendants' above-alleged wage policies or practices violate Article X, §24 of the Florida Constitution;

   g. whether Defendants' conduct was in willful violation of Fla. Const. Art. X, §24.

   h. Whether the Plaintiffs and the Class have sustained damages, and if so, the proper measure thereof.

80. Common questions of law and fact exist as to all members of the proposed Class, including the Plaintiffs, and predominate over any questions affecting solely individual members of the Class.

81. The relief sought by the Plaintiffs and the Class is common to the entire Class:

   a. Payment by the Defendants of actual damages caused by their failure to pay the minimum wages pursuant to the Florida Constitution;

   b. Payment by the Defendants of liquidated damages;

   c. Recoupment of tips and other amounts unlawfully retained by the Defendants; and

   d. Payment by the Defendants of reasonable attorney's fees, costs, expenses, and post-judgment interest.

82. <u>Typicality:</u> The named Plaintiffs' claims are typical of the claims of the members of the Class because the Plaintiffs, like all members of the class, worked for Defendants at OCEANS 234, and were not paid the required minimum wage due to the EPIC's companywide unlawful policies or pay practices, as set forth above.

83. <u>Adequacy:</u> The named Plaintiffs will fairly and adequately protect the interests of the Class. The Plaintiffs have no relationship with Defendants except that they were formerly employed by them. The Plaintiffs will vigorously pursue the claims of the Class. The named Plaintiffs have no adverse interest to the proposed absent class members because they assert the same claims under the same provisions of the Florida Constitution, and seeks the same relief as would the absent class members if each were to bring an individual action.

84. The Plaintiffs have retained counsel competent and experienced in class actions and wage and hour law, and Plaintiffs' counsel has no conflict of interest with other class members in the maintenance of this class action.

85. The Plaintiffs know of no difficulty in managing the litigation that would preclude class maintenance.

86. <u>Predominance:</u> Class certification is appropriate because the Florida minimum wage claims alleged on behalf of the class predominate over any questions of law or fact affecting individual class members. The predominant questions of law and fact are clear, precise and well-defined, and applicable to the named Plaintiffs as well as all absent members of the proposed class.

87. <u>Superiority:</u> Class representation is superior to other available methods for fair and efficient adjudication of the controversy for a number of reasons, including, but not limited to, the following: (1) the case challenges the policy of an employer, and many employees may be reluctant to bring claims for fear of retaliation; (2) some class members may have worked for the Defendants for a short period of time and their damages may not be substantial enough to be worth bringing an individual claim; (3) class members do not have the resources to bring their claims individually; and (4) it would be inefficient to use scarce judicial resources to require each employee affected by the policy or practices challenged in this lawsuit to bring his or her individual claim.

88. The Plaintiffs and the Class are entitled to recover damages, liquidated damages, equitable relief, post-judgment interest, and attorneys' fees and costs as result of Defendants' conduct in violation of the Florida Minimum Wage Act, Article X, §24 of the Florida Constitution.

89. Damages may be calculated from the payroll records and other records maintained in Defendants' offices to the extent that they are accurate and from testimony, so that the cost of administering a recovery for the class can be minimized.

90. The class members were entitled to be paid the full, applicable Florida minimum wage for each hour worked during their employment with Defendants because the tip credit the Defendants took was invalid, and because they were not paid for all hours worked.

91. During the time each class member was employed by Defendants, the Defendants failed to pay the Plaintiffs and each Class member their full Florida minimum wages due.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, request the Court:

a. certify the class pursuant to Fed.R.Civ.P. 23;

b. designate the named Plaintiffs as representatives of the class and Plaintiffs' counsel as class counsel;

c. find that during the relevant time period Defendants violated Fla. Const. Art. X, §24;

d. find that during the relevant time period Defendants acted willfully;

e. award the Plaintiffs and members of the Class unpaid minimum wages;

f. award the Plaintiffs and members of the class an equal amount in liquidated damages;

g. award the Plaintiffs and members of the class compensatory damages in an amount equal to the tips and other monies unlawfully retained by Defendants;

h. award the Plaintiffs and members of the class reasonable attorney's fees and costs;

i. award post-judgment interest; and,

j. award such other and further relief as the Court may deem proper.

## JURY DEMAND

The Plaintiffs, individually and on behalf of the Class, demand trial by jury as to all claims so triable.

Dated: April 3, 2017.

                                                                       Respectfully submitted,

                                                                       BOBER & BOBER, P.A.
                                                                       Attorneys for Plaintiffs
                                                                       1930 Tyler Street
                                                                       Hollywood, Florida 33020
                                                                       Telephone: (954) 922-2298
                                                                       Facsimile: (954) 922-5455
                                                                       peter@boberlaw.com
                                                                       samara@boberlaw.com

                                                                       /s/. Samara Robbins Bober\_\_\_
                                                                       SAMARA ROBBINS BOBER
                                                                       FBN: 0156248
                                                                       PETER J. BOBER
                                                                       FBN: 0122955