<u>**SETTLEMENT AGREEMENT**</u>

This Settlement Agreement ("Agreement") is entered into between Plaintiffs, Richard Magee, Amanda Fletcher, and Andrew Carofano, (the "Named Plaintiffs"), and Defendants, Epic Restaurant Group, Inc. d/b/a Oceans 234 and Danielle Rosse f/k/a Danielle Williams ("Defendants"), (collectively, the "Settling Parties"), to resolve the case of *Richard Magee et al. v. Epic Restaurant Group, Inc. et al.*, Case No. 0:17-cv-60646-DIMITROULEAS pending in the United States District Court for the Southern District of Florida, (the "Lawsuit").

The Settling Parties do hereby agree to do all things and procedures necessary and appropriate to obtain Court approval of this Agreement and the proposed class and collective action settlement in consideration of the terms expressed herein.

## I.    CLASS CERTIFICATION FOR SETTLEMENT PURPOSES

A.    For settlement purposes only, the Settling Parties agree to certification of the following class under Fed.R.Civ.P. 23 and collective action under the FLSA, 29 U.S.C. §216(b): All servers and bartenders who worked for Epic Restaurant Group, Inc. d/b/a Oceans 234 located in Deerfield Beach, Florida at any time from February 1, 2013 to December 31, 2016 and who were paid the subminimum wage applicable to tipped employees. All persons meeting this definition shall be deemed Class Members.

B.    This Agreement is contingent upon Court approval, and is entered into voluntarily by the Settling Parties for settlement purposes only. The Parties shall request approval by the Court. Defendants do not waive, and instead expressly reserve, their rights and all defenses on the appropriateness of class certification under Fed.R.Civ.P. 23 and FLSA collective action certification should approval of the Agreement be denied.

C.    The Settling Parties shall cooperate and present to the Court for its consideration in connection with the approval of the Agreement and Court-approved notice, competent evidence as may be requested by the Court under the appropriate standards for approving class and collective action settlements.

D.    The Agreement shall be drafted and signed by Wednesday, October 18, 2017. The parties shall work together to file a motion for certification for settlement purposes, which shall be filed by Monday, October 23, 2017.

## II.     CLAIMS ADMINISTRATION

### A. *Claims Administrator's Obligations*

The Settling Parties agree that, subject to Defendants' approval, Plaintiffs' counsel shall select a third-party Settlement Claims Administrator for the settlement.

The Settlement Claims Administrator shall be responsible for: (i) printing and disseminating the Notice of Settlement and the Claim Form (and enclosed pre-addressed and pre-paid envelope) and Reminder Postcard to the Class Members (as approved by the Court); (ii) copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Party or Class Member; (iii) preparing, monitoring and maintaining a toll-free number with phone answerers who will provide information about the settlement until 130 calendar days after the mailing of the final installment checks to Qualified Claimants; (iv) receiving any opt-out correspondence or objections from Class Members and promptly notifying counsel for all Parties of such correspondence or objections; (v) managing the claims process; (vi) calculating employees' payroll tax obligations and withholding the appropriate amounts from Qualified Claimants' back pay awards; (vii) calculating employers' payroll tax obligations and obtaining that amount in addition to the amounts defined below as the Gross Fund; (viii) wiring Plaintiffs' Counsel's attorneys' fees, expenses, and costs, and mailing Service Payments and Settlement Payments to Named Plaintiffs and Qualified Claimants in accordance with this Agreement and Order of the Court; (ix) issuing W-2 and 1099 Forms for all amounts paid to the Named Plaintiffs and Qualified Claimants; (x) ascertaining current address and addressee information for each Notice of Settlement returned as undeliverable, including contacting such individuals by phone and email if needed to obtain a correct address, and promptly resending notices as necessary; (xi) responding to inquiries of class members regarding the terms of settlement; (xii) referring to Plaintiffs' Counsel all inquiries by Class Members regarding matters not within the Settlement Claim Administrator's duties specified herein; (xiii) responding to inquiries of Plaintiffs' or Defendants' Counsel; (xiv) promptly apprising counsel for the Parties of the activities of the Settlement Claims Administrator upon request; (xv) maintaining adequate records of its activities, including the dates of the mailing of the Notice of Settlement, returned mail and other communications and attempted written or electronic communications with class members; (xvi) confirming in writing to Plaintiffs' and Defendants' Counsel and the Court its

completion of the administration of the settlement (by sworn and notarized declaration, if necessary); (xvii) timely responding to communications from the Parties or their counsel; (xviii) reporting claims statistics; (xix) providing the Court with information needed to approve the Agreement; (xx) providing an update to Plaintiffs' counsel at 60, and 90 and 120 days of the date checks were mailed regarding uncashed checks to Qualified Claimants; and, (xxi) such other tasks as the Settling Parties mutually agree, or the Court may order.

**B. *Creation and Implementation of a Qualified Settlement Fund***

The Gross Fund Amount (as defined in Section VI below) will be deposited in an account titled "Oceans 234 Settlement Fund" intended by the parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, et seq. Upon transfer of the Gross Fund Amount, Defendants shall relinquish any rights they might have had to the Gross Fund Amount, except as provided elsewhere in this Agreement. The Gross Fund is inclusive of payment for: (1) all Qualified Claimants; (2) the employee's share of applicable federal, state and local taxes required to be withheld by Defendants on Qualified Claimants' payments; (3) any Service Payment approved by the Court for the Named Plaintiffs (up to $2,000.00 per Named Plaintiff); and, (4) all attorneys' fees, costs, and expenses approved by the Court, including those in connection with securing Court approval of this Agreement, the claims process, and implementing this Agreement (capped, by agreement, at $150,000.00 from Gross Fund Amount), other than fees and costs awarded in connection with any successful proceeding to enforce the terms of this Agreement.

In addition to the amounts defined as the Gross Fund, Defendants shall also pay (1) all fees, costs, and expenses of the Settlement Claims Administrator and, (2) the employer's portion of payroll tax obligations on the back pay (wages) portion of the settlement payments to Qualified Claimants.  Defendants shall take the necessary steps to timely transfer into the Qualified Settlement Fund such taxes to pay the employer's share of the payroll taxes as they become due and are requested by the Settlement Claims Administrator, as well as the fees, costs and expenses of the Settlement Claims Administrator.  The costs of the Settlement Claims Administrator shall include the cost to administer the class as required by the settlement terms and the Court's orders, and the cost to calculate pro rata damages for the class, subject to counsel's review.

The Settlement Claims Administrator shall serve as Trustee of the Settlement Fund and

shall act as a fiduciary with respect to the handling, management, and distribution of the Settlement Fund. The Settlement Claims Administrator shall act in a manner necessary to qualify the Settlement Fund as a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, et seq., and to maintain that qualification.

The Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, et seq., and shall be administered by the Settlement Claims Administrator, subject to the ultimate authority of the Court. The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Parties agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest possible date.

The Settling Parties recognize that the back pay awards to Qualified Claimants will be subject to applicable tax withholding and reporting, which will be handled as follows: the Settlement Claims Administrator shall serve as Trustee of the Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Settlement Fund, including the handling of tax-related issues and payments. Specifically, the Settlement Claims Administrator shall be responsible for withholding, remitting, and reporting the share of payroll taxes from the back pay wage payment of each Qualified Claimant, and shall be responsible for paying the employer's share of payroll taxes or contributions (*i.e.* FICA, FUTA, SUTA, and Medicare), which amount shall be communicated to Defendants once determined and paid by Defendants into the Settlement Fund, in addition to the amounts defined as the Gross Fund. Subject to the Settlement Claims Administrator's obligation to comply with applicable laws, the Parties anticipate that any amounts designated as Service Payments, liquidated damages or interest shall not be subject to withholding and shall be reported to the IRS on Form 1099.

The Settlement Claims Administrator shall satisfy all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting), and any and all taxes, penalties and other obligations with respect to the payments or distributions from the Gross Fund not otherwise addressed herein.

**III. PRELIMINARY SETTLEMENT APPROVAL**

On or before October 23, 2017, Counsel for the Plaintiffs shall file in the Lawsuit an agreed motion for preliminary approval of the Agreement and approval of the Notice of Settlement and Claim Form, attached hereto as Exhibits 1 and 2 respectively, which advises potential class members of material terms and provisions of this Agreement and their rights with respect thereto, including their right to opt out of, or object to, the settlement. The parties will work cooperatively to set the motion for hearing, if necessary, and have the motion heard as soon as practicable.

## IV. EFFECTIVE DATE AND DISMISSAL

The "Effective Date" of the Agreement shall be the date of final approval of the Agreement by the Court, if no objections are filed to the Agreement. If objections are filed and overruled, and no appeal is taken of the final approval order, then the Effective Date of final approval shall be thirty-five (35) days after the Court enters final approval. If an appeal is taken from the Court's overruling of objections to the Agreement, then the Effective Date of final approval shall be ten (10) business days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final.

Within seven (7) business days after the Effective Date of the Agreement, Plaintiffs shall file a notice of dismissal with prejudice of the Lawsuit.

## V. DISSEMINATION OF NOTICE

Within five (5) business days of preliminary approval of this Agreement by the Court, counsel for Defendant, Epic Restaurant Group, Inc., shall provide the Settlement Claims Administrator, in Excel format, a list containing the name, corresponding employee ID number, last known mailing address, phone number, email address (if known), and Social Security number of all Class Members, and shall provide to Plaintiffs' Counsel the list of Class Member names that Defendants provided to the Claims Administrator. Within seven (7) business days of preliminary approval of this Agreement, Plaintiffs' Counsel may also provide the Settlement Claims Administrator with any addresses and phone numbers of which they are aware for any Class Members. This information shall be confidential and handled by the Settlement Claims Administrator with appropriate security measures for the protection of Class Members' personally identifiable information ("PII").

Prior to the mailing of the Notice of Settlement to the Class Members, the Settlement Claims Administrator shall attempt to confirm the accuracy of the names and addresses through the United States Post Office's National Change of Address database, and if a mailed Notice is returned with no forwarding address or is otherwise unknown, to email or phone the individual to obtain his or her current address.  Within fourteen (14) days after receiving the information above from counsel for Defendant Epic Restaurant Group, Inc., the Settlement Claims Administrator shall mail the Notice of Settlement and Claim Form (including a pre-addressed and pre-paid envelope for return of the Claim Form) to the best address identified using the National Change of Address database for the class member, and shall also mail Notice and Claim Form (including a pre-addressed and pre-paid envelope for return of the Claim Form) to any updated address provided by Plaintiffs' counsel (the "initial mailing"). If any such Notice of Settlement is returned as undeliverable for a Class Member without a forwarding address, the Settlement Claims Administrator shall promptly attempt to locate such Class Member through an electronic search using the Social Security number, phone number, and/or former address of that person and shall promptly mail an additional Notice of Settlement to each such person. Twenty-two (22) days after the initial mailing, the Settlement Claims Administrator shall mail a Reminder Postcard, in the form attached to this Settlement Agreement as Exhibit 3, to Class Members for whom the Settlement Claims Administrator has not received a Claim Form as of that date.  All Class Members who do not opt out of the settlement and who submit a timely Claim Form shall be considered "Qualified Claimants" entitled to receive their share of the Net Fund, as defined below in Section VII.

Defendants shall instruct Oceans 234 management (including corporate management, owners and managers) not to discourage Class Members from participating in the Settlement.  Epic Restaurant Group, Inc. management (including corporate management, owners and managers) shall not make any statements or take any actions discouraging Class Members from participating in the settlement or otherwise communicate with Class Members in any way regarding the settlement. If any current employee has questions about the Lawsuit or the settlement, Epic Restaurant Group, Inc. management shall refer the employee to the Notice which will have contact information for the Settlement Claims Administrator.

## VI. DEFENDANTS' PAYMENT OBLIGATIONS

Subject to Court approval of the Settlement, Defendants shall pay the following amounts (the "Gross Fund" or "Gross Fund Amount") on the following dates by wire transfer to a Depository Bank chosen by the Settlement Claims Administrator:

A.   $300,000 by February 1, 2018, or five (5) days after Court final approval, whichever is later;

B.   an additional $75,000 by November 1, 2018;

C.   $100,000 by May 1, 2019; and,

D.   $25,000 by August 1, 2019.

In addition to the amounts defined as the Gross Settlement Fund above, Defendants shall pay the costs of the Claims Administrator as they become due, and shall pay, in the regular course of business, the payroll taxes on the back pay (wage) portion of the Gross Settlement Fund.

The Settlement Claims Administrator shall mail each Qualified Claimant's pro rata share of each installment within fourteen (14) days of receipt of each wire transfer from Defendants. Payment of amounts approved by the Court for Plaintiffs' attorneys' fees, costs, and/or expenses shall be paid to Plaintiffs' counsel from the Gross Fund on a pro rata basis (i.e. 60% of the fee and cost award for installment 1; 15% of the fee and cost award for installment 2; 20% of the fee and cost award for installment 3; and, 5% of the fee and cost award for installment 4 within fourteen (14) calendar days of receipt of each installment. The Settlement Claims Administrator shall report the payment of these fees, expenses and costs to Plaintiffs' Counsel on an IRS Form 1099.

If the Gross Fund, payroll taxes, and costs of the Claims Administrator are not timely paid, as set forth above, then after notice to the Defendants' attorneys, Kevin Johnson, Esq. and Christopher M. Bentley by email at kjohnson@johnsonjackson.com and cbentley@johnsonjackson.com, confirmation by phone with defense counsel, Kevin Johnson and/or Christopher M. Bentley at 813-580-8400, and a seven (7) business day cure period, if Defendants fail to cure the default, Defendants agree to entry of a final judgment against them, jointly and severally, for $630,000, less any amounts already paid, plus reasonable fees and costs for collection and enforcement of the final judgment.

Defendants, Epic Restaurant Group, Inc. and Danielle Rosse f/k/a Danielle Williams, shall be jointly and severally liable for payment of amounts due under this Agreement.

## VII. ALLOCATION OF THE GROSS SETTLEMENT FUND

The amounts approved by the Court for (1) Service Payments to the Named Plaintiffs, and (2) attorneys' fees, costs, and expenses shall be deducted from the Gross Fund to obtain the Net Fund.   As set forth above, Defendants shall pay, in addition to the Gross Fund Amount, the costs for the Settlement Claims Administrator, the employer's share of payroll taxes on the back pay (wage) portion of the Settlement, and the cost of obtaining the hours records for Class Members.

The Net Fund will be distributed to individual Qualified Claimants (defined as Class Members who submit a timely Claim Form and do not opt out of the Settlement) based on each Qualified Claimant's pro rata share of the total hours paid to Class Members at the subminimum wage for work in the capacity of a server or bartender from February 1, 2013 to December 31, 2016 ("Class Period"). The pro rata share of the Net Fund for each Qualified Claimant shall be determined by dividing the number of subminimum wage hours paid to each Qualified Claimant as a server or bartender during the Class Period by the total subminimum wage hours reported to have been worked by all Class Members as servers or bartenders during the Class Period, and then multiplying that number by the Net Fund amount.

The Class Members' settlement payments shall be allocated fifty (50) percent to back wages and fifty (50) percent to liquidated damages. The back wages to the Qualified Claimants shall be subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state-specific statutory deductions). The liquidated damages shall be treated as non-wage income to the Qualified Claimants. The Settlement Claims Administrator shall report the back wage payments to the Qualified Claimants on an IRS Form W-2, and shall report the liquidated damages payments on an IRS Form 1099.

The back wage and liquidated damage payments, along with any Service Payments approved by the Court, shall be paid to Qualified Claimants in accordance with this Agreement. The Settlement Claims Administrator shall be responsible for mailing checks to Qualified Claimants.

To be considered timely, a Claim Form must be postmarked, if mailed, or received by the Claims Administrator, if sent by any means other than first class mail, no later than forty-five (45) days after the date of the initial mailing of the Notice of Settlement to the Class Members. Claim Forms may be mailed, faxed, or emailed, as set forth in the Notice of Settlement.

To be valid, a Claim Form must be completed in full, and signed without any deletion or amendment of the release language and without any deletion or amendment of any other portion of the Claim Form, except that the last four digits of the Social Security Number and an email address are not required for the Claim Form to be considered complete. The Claim Administrator will notify any Settlement Class Members if it receives a Claim Form from them that is not timely and/or valid. Any disputes regarding the timeliness, validity or effectiveness of a Claim Form shall be decided by the Claims Administrator consistent with this Settlement Agreement, with input from the Parties if appropriate. If a Class Member submits a defective Claim Form, the Claims Administrator shall promptly notify the Class Member by mail, and also by email and phone if email or phone information was provided, and the Class Member shall have fifteen calendar days from the date of notice to correct the deficiency in the Claim Form. If a Settlement Class Members submits both a valid Claim Form and a request for exclusion, the Claims Administrator shall resolve the inconsistency by treating the conflicting submissions as a valid claim submission and will seek rescission from the Settlement Class Member of the request for exclusion. In the event that a Settlement Class Member submits both a defective Claim Form and a request for exclusion, the Claims Administrator will follow the same procedure that it would follow for defective Claims Forms and if the defective Claim Form is timely cured by the Settlement Class Member, the Claims Administrator shall treat the submission as a valid claims submission.

Plaintiffs' Counsel shall make an application to the Court for an award of no more than one hundred fifty thousand dollars ($150,000.00) as payment of attorneys' fees, costs, and expenses. Plaintiffs' Counsel shall also request that the Court approve payment of costs to the Claims Administrator and applicable payroll taxes, as agreed to by Defendants. Defendants will not oppose Plaintiffs' Counsel's application for attorneys' fees, costs and expenses.

The settlement is not conditioned upon the court's approval of Plaintiffs' Counsel's petition for fees, costs and expenses.

From the Gross Settlement Amount, Plaintiffs' Counsel shall seek Service Payments in the amount of $2,000.00 for each of the three (3) Named Plaintiffs as payment for their involvement in commencing this litigation and prosecuting this Lawsuit. The Service Payments are in addition to the Named Plaintiffs' allocated portion of the Net Fund. Any requested amounts for service

awards which are not approved by the Court and/or awarded shall become part of the Net Fund and shall be distributed to Qualified Claimants.

Qualified Claimants shall have 120 calendar days after settlement checks are mailed (the "Check Issuance Date") in which to negotiate the checks. If any settlement checks are returned to the Settlement Claims Administrator as undeliverable, the Settlement Claims Administrator shall promptly attempt to locate such Qualified Claimant using the information provided on the Claim Form and through an electronic search using the Social Security number, phone number, email and/or former address of that person and shall promptly mail the settlement check to such person, if an updated address is obtained. If any Qualified Claimant does not negotiate his or her settlement check within 120 days after the Check Issuance Date, this check will be voided. Subject to Court approval, any amounts not cashed or otherwise negotiated within 120 days shall revert back to Epic Restaurant Group, Inc., but such reversion is not a condition of Settlement if the Court declines to allow it.

## VIII. OPT-OUTS, OBJECTIONS AND EFFECT THEREOF

### A. Opt-Out/Request for Exclusion Procedure

Class Members shall have forty-five (45) days after the date of the initial mailing of Notice to the Class Members ("Notice Period") to notify the Settlement Claims Administrator in writing of their desire to opt out of the Settlement. The Notice Materials shall provide instructions to Settlement Class Members who wish to "opt out." To be valid, the request for exclusion must (1) include a clear statement of intention to be excluded from the settlement; (2) include the full name, address, and telephone number of the Settlement Class Member requesting exclusion; (3) be signed by the Settlement Class Member; (4) be returned by U.S. Mail, fax, or email to the Claims Administrator; and (5) must be postmarked or received by no later than the last day of the Notice Period.

To be considered timely, the Claims Administrator must receive the Class Member's opt out request within forty-five (45) days after the initial mailing of the Notice. Class Members who opt out by that deadline are not eligible to participate in the settlement, will not receive settlement funds, and will not be Qualified Claimants.

Any disputes regarding the timeliness, validity or effectiveness of a request for exclusion shall be decided by the Claims Administrator consistent with the terms of this Settlement

Agreement, with the Parties' input, if appropriate.  Any Settlement Class Member who does not properly and timely submit a request for exclusion in the manner and by the deadline specified above will be bound by all terms and conditions of this Settlement Agreement, if the settlement is approved by the Court, and be bound by the Final Approval Order, regardless of whether he or she has objected to the Settlement or submitted a completed Claim Form.

### B.  Procedures for Objecting to the Settlement

Class Members shall have forty-five (45) days after the date of the initial mailing of Notice to the Class Members ("Notice Period") to object to the Settlement Agreement.  The Class Notice shall provide that Settlement Class Members and persons purporting to act on behalf of the Settlement Class Members who wish to object to the Settlement Agreement must send a written objection to the Settlement Claims Administrator at the address listed below so that it is post marked or received no later than the last date of the Notice Period, stating that the Class Member objects to the settlement and including the following information: (1) the objecting Class Member's name, address, and telephone number; and (2) a statement of the objecting Class Member's views and the reasons for the Class Member's objection, with any supporting documentation.   The Notice of the Objection must be signed by the Class Member. Such Notice of Objection and any supporting briefs or other materials shall then be filed with the Court and provided to counsel for the Parties by the Settlement Claims Administrator.

No Settlement Class Members or persons purporting to act on behalf of Settlement Class Members shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel) or to object to the Settlement, and no written objections or briefs submitted by any such individuals or persons purporting to act on behalf of them shall be received or considered by the Court at the Final Approval Hearing, unless the individuals Notice of Objection and supporting materials have been timely provided to the Settlement Claims Administrator as set forth above within the Notice Period. Any Settlement Class Member who fails to serve a timely and complete Notice of Objection in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement.

Counsel for the Parties shall file any responses to any Notice of Objections at least seven (7) calendar days before the Final Approval Hearing.  Defendants shall not be responsible for the fees, costs, or expenses incurred by the Settlement Class, Named Plaintiffs, or Class Counsel

related to Settlement Class Members who submit Notices of Objections or otherwise purport to object to the Settlement Agreement or related to any appeals thereof so long as the Settlement is ultimately approved by the Court.

In the event any objections are denied and the settlement is approved, Class Members who object to the settlement will be bound by the settlement and will receive their share from the settlement funds if they timely file a Claim Form.  Counsel for all Parties shall be provided with a copy of any objection or opt out requests within three (3) days of receipt of such objection or opt out request by the Settlement Claims Administrator.

## IX. RELEASE BY QUALIFIED CLAIMANTS

Conditioned upon the receipt of an Order granting final approval by the Court in this Lawsuit, and in exchange for the monetary considerations recited in this Agreement, all Class Members who do not opt out of the settlement shall release Defendants from any FMWA claims that were or could have been alleged in the Complaint based on the facts alleged in the Complaint for the period of February 1, 2013 to December 31, 2016.  Any Class Member who timely opts in under the FLSA by submitting a Claim Form or cashes any of the settlement checks shall also release any FLSA claims that were or could have been alleged in the Complaint based on the facts alleged in the Complaint for the period of February 1, 2013 to December 31, 2016. The settlement checks shall contain the aforementioned release language for the FLSA and FMWA claims.

In exchange for payment of the service fees, if approved by the Court, to the Named Plaintiffs, the Named Plaintiffs individually, on behalf of only themselves, shall execute: (a) a full general release of claims from the beginning of time to the date the release is executed, (2) mutual non-disparagement pledges, which shall include Defendants' managers, and (3) agree to a no-rehire provision for the Named Plaintiffs.

## X. DISPUTES REGARDING RECORDS

Plaintiffs and Epic Restaurant Group will meet and confer to mutually resolve any disputes raised by Class Members regarding the number of hours worked as a server and bartender at the subminimum wage during the Class Period.  Any dispute not raised prior to the date of final approval of the settlement agreement shall be waived. The number of hours used to determine each Class Member's pro rata share shall be determined using the records provided to the Settlement

Claims Administrator by Defendant, which shall be deemed conclusive proof for settlement purposes of the hours worked by each Class Member.

## XI. NO ADMISSION OF LIABILITY

The Settling Parties acknowledge and agree that liability for the actions that are the subject matter of this Agreement is disputed by Defendants. This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement. The Settling Parties further acknowledge and agree that this Agreement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute other than for purposes of enforcing this Agreement.

## XII. MODIFICATION OF AGREEMENT

This Agreement may not be modified or amended except in writing, signed by the Settling Parties and as approved by the Court.

## XIII. CONSTRUCTION AND INTERPRETATION

This Agreement constitutes the entire agreement between the Settling Parties. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary or contradict its terms. In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence. This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of Florida, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement and/or the written Memorandum of Understanding, or any specific term or condition thereof. The Named Plaintiffs and Defendants participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, neither the Named Plaintiffs nor Defendants may claim that any ambiguity in this Agreement should be construed against the other.

## XIV.  INJUNCTIVE RELIEF

The parties agree that the settlement does not include injunctive relief.

## XV. COUNTERPARTS

This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

## XVI. BINDING EFFECT

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement, as well as their respective attorneys, and subsidiaries, affiliates, business units, members, shareholders, and their predecessors and successors, officers, directors, agents, employees and assigns. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of all Qualified Claimants.

## XVII. WAIVER OF APPEAL

Subject to preliminary and final approval of the settlement, the Named Plaintiffs and non-objecting Class Members expressly waive their rights to appeal.

## XVIII. CONTINUING JURISDICTION

The Parties hereto agree to move for the Court to retain continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement; to supervise the administration and distribution of the resulting settlement funds; and, to hear and adjudicate any dispute or litigation arising from or related to this Agreement.

In the event a Party moves to enforce this Agreement or to collect on any payments due under this Agreement, the prevailing party in such an enforcement action shall be awarded reasonable attorneys' fees, costs and expenses.

## XIX. EFFECT OF NON-APPROVAL

If the Court fails to approve the Settlement, then the Settling Parties shall work to renegotiate the Settlement to address the Court's concerns and obtain a revised Settlement within fifteen (15) days of the Court's order denying approval.  In the event the Agreement is not approved by the Court for any reason and the Settling Parties are not able to reach a revised Settlement, then (1) nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation; (2) the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation; and (3) the stipulation that the case is appropriate for class certification or collective action status for settlement purposes pursuant to Federal Rule of Civil Procedure 23 and the FLSA, as well as the releases contained herein shall be null and void, and not admissible for any purpose.

AGREED to by:

| | |
|---|---|
| _____<br>**RICHARD MAGEE**                    Date | **EPIC RESTAURANT GROUP, INC. d/b/a OCEANS 234**<br><br>By: _____<br><br>As: **Danielle Rosse** _____<br><br>Date: **11/13/2017** _____ |
| _____<br>**AMANDA FLETCHER**                Date | _____ **11/13/2017** \_\_\_<br>**DANIELLE ROSSE**                    Date<br>**f/k/a DANIELLE WILLIAMS** |
| _____<br>**ANDREW CAROFANO**             Date | |

If the Court fails to approve the Settlement, then the Settling Parties shall work to renegotiate the Settlement to address the Court's concerns and obtain a revised Settlement within fifteen (15) days of the Court's order denying approval. In the event the Agreement is not approved by the Court for any reason and the Settling Parties are not able to reach a revised Settlement, then (1) nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation; (2) the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation; and (3) the stipulation that the case is appropriate for class certification or collective action status for settlement purposes pursuant to Federal Rule of Civil Procedure 23 and the FLSA, as well as the releases contained herein shall be null and void, and not admissible for any purpose.

AGREED to by:

| | |
|---|---|
| *Richard Magee*<br>_____  11/14/2017<br>**RICHARD MAGEE**          Date | **EPIC RESTAURANT GROUP, INC. d/b/a OCEANS 234**<br><br>By: _____<br><br>As: _____<br><br>Date: _____ |
| _____<br>**AMANDA FLETCHER**          Date | _____<br>**DANIELLE ROSSE**          Date<br>**f/k/a DANIELLE WILLIAMS** |
| _____<br>**ANDREW CAROFANO**          Date | |

If the Court fails to approve the Settlement, then the Settling Parties shall work to renegotiate the Settlement to address the Court's concerns and obtain a revised Settlement within fifteen (15) days of the Court's order denying approval. In the event the Agreement is not approved by the Court for any reason and the Settling Parties are not able to reach a revised Settlement, then (1) nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation; (2) the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation; and (3) the stipulation that the case is appropriate for class certification or collective action status for settlement purposes pursuant to Federal Rule of Civil Procedure 23 and the FLSA, as well as the releases contained herein shall be null and void, and not admissible for any purpose.

AGREED to by:

| | EPIC RESTAURANT GROUP, INC. d/b/a OCEANS 234 |
|---|---|
| _____<br>**RICHARD MAGEE**　　　　　Date | By: _____<br><br>As: _____<br><br>Date: _____ |
| _Amanda Fletcher_　11/13/17<br>**AMANDA FLETCHER**　　　Date | _____<br>**DANIELLE ROSSE**　　　　Date<br>**f/k/a DANIELLE WILLIAMS** |
| _____<br>**ANDREW CAROFANO**　　　Date | |

If the Court fails to approve the Settlement, then the Settling Parties shall work to renegotiate the Settlement to address the Court's concerns and obtain a revised Settlement within fifteen (15) days of the Court's order denying approval.  In the event the Agreement is not approved by the Court for any reason and the Settling Parties are not able to reach a revised Settlement, then (1) nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation; (2) the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation; and (3) the stipulation that the case is appropriate for class certification or collective action status for settlement purposes pursuant to Federal Rule of Civil Procedure 23 and the FLSA, as well as the releases contained herein shall be null and void, and not admissible for any purpose.

AGREED to by:

| | EPIC RESTAURANT GROUP, INC. d/b/a OCEANS 234 |
|---|---|
| _____ <br> **RICHARD MAGEE**          Date | By: _____ <br><br> As: _____ <br><br> Date: _____ |
| _____ <br> **AMANDA FLETCHER**          Date | _____ <br> **DANIELLE ROSSE**          Date <br> **f/k/a DANIELLE WILLIAMS** |
| *Andrew Carofano* 11/15/17 <br> **ANDREW CAROFANO**          Date | |