UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60646-CIV-DIMITROULEAS

RICHARD MAGEE, ANDREW CAROFANO, and
AMANDA FLETCHER, on behalf of themselves
and others similarly situated,

Plaintiffs,

v.

EPIC RESTAURANT GROUP, INC., a Florida corporation,
d/b/a OCEANS 234 f/k/a MAXWELL'S BY
THE SEA, INC. d/b/a OCEANS 234 and DANIELLE
ROSSE f/k/a DANIELLE WILLIAMS, an individual,

Defendants.
_____/

## FINAL ORDER GRANTING PLAINTIFFS' AGREED MOTION
## FOR FINAL APPROVAL OF SETTLEMENT AND UNOPPOSED
## MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS
## AND EXPENSES, AND DISMISSING CASE WITH PREJUDICE

THIS CAUSE came before the Court on February 23, 2018 for a Final Fairness Hearing

on Plaintiffs' Agreed Motion for Final Approval of Settlement, and upon Plaintiffs' Unopposed

Motion for Award of Attorneys' Fees, Costs and Expenses. Samara Bober, Esq. and Peter Bober,

Esq., counsel of record for the Plaintiff and the Class, and Kevin Johnson, Esq., counsel of record

for the Defendants, were present at the Fairness Hearing.

On October 25, 2017, the Court issued an Order (DE 29) (1) certifying, for settlement

purposes only, a class consisting of: All servers and bartenders who worked for Epic Restaurant

Group, Inc. d/b/a Oceans 234 located in Deerfield Beach, Florida at any time from February 1,

2013 to December 31, 2016 and who were paid the subminimum wage applicable to tipped

employees, ("Settlement Class"); (2) appointing Named Plaintiffs, as Class Representative and

Bober & Bober, P.A. as Class Counsel; (3) preliminarily approving the proposed Class Action

1

Settlement; (4) approving the proposed notice of the settlement and authorizing the notice to be sent out to class members, giving them an opportunity opt out of or object to the Settlement; and, (5) scheduling a Final Fairness Hearing for February 23, 2018. On November 16, 2017, the Court entered an Order (DE 31) approving the Parties' amended Settlement (DE 30-1) and amended Notice (DE 30-2). On November 20, 2017, Notice was mailed to the Class in accordance with the terms of the Settlement Agreement. The January 4, 2018 deadline to object to the Settlement, opt out of the Settlement, and submit a Claim Form has passed. There were no objections to the Settlement or requests for exclusion.

Accordingly, upon consideration of the Plaintiffs' Agreed Motion for Final Approval of Settlement, the Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees, Costs and Expenses, the Parties' Settlement Agreement (DE 30-1), the authorities set forth in Plaintiffs' Agreed Motion for Preliminary Approval of the Settlement, and the presentation by counsel at the Fairness Hearing on February 23, 2018, it is

ORDERED AND ADJUDGED as follows:

1.     In its Orders (DE Nos. 29 and 31), the Court conditionally certified the Settlement Class under Fed.R.Civ.P. 23 and the Fair Labor Standard Act ("FLSA"). In entering this Order, the Court has again considered the class certification requirements of Rule 23, and again finds that these requirements are satisfied in this case.

2.     Pursuant to Fed.R.Civ.P. 23(a), the Court finds that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of both law and fact common to the Class; (c) the Named Plaintiffs' claims are typical of the claims of all Class Members; and, (d) the Named Plaintiff and Class Counsel have fairly and adequately represented and will fairly and adequately protect the interests of the Class.

2

3. The Court further finds pursuant to Fed.R.Civ.P. 23(b)(3) that questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that this class action is superior to other available methods for the fair and efficient adjudication of this controversy. In arriving that this latter conclusion, the Court has considered the following: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and, (d) the difficulties likely to be encountered in the management of a class action.

4. Accordingly, the Court finally certifies, for settlement purposes only, under Rule 23 and the FLSA, a class consisting of all servers and bartenders who worked for Epic Restaurant Group, Inc. d/b/a Oceans 234 located in Deerfield Beach, Florida at any time from February 1, 2013 to December 31, 2016 and who were paid the subminimum wage applicable to tipped employees.

5. In its Order (DE 29) preliminarily approving the Settlement and its Order (DE 31) approving an amended Settlement and Notice, this Court preliminarily approved the Notice, finding that the form and content thereof satisfied the requirements of due process, Fed.R.Civ.P. 23, the FLSA, and the rules of this Court.

6. The Claims Administrator timely mailed the Notices to Class Members on November 20, 2017 by first class mail, postage prepaid, to all Class Members at their last known addresses after checking those addresses in the National Change of Address Database. The Court finds such methods of notice were the best notice practicable under the circumstances.

3

7.      This Court has again reviewed the Notice and finds that the Notice given to the Settlement Class members satisfies the requirements of due process, and holds that it has personal jurisdiction over all Settlement Class members.

8.      The proposed Class Action Settlement is **APPROVED** and adopted as fair, reasonable, and adequate. In reaching its decision in this case, the Court has considered the Settlement Agreement, and other relevant documents in support of the fairness, reasonableness, and adequacy of the Settlement Agreement. The Settlement amounts fairly and adequately compensate class members for the claims asserted in this case, and the Settlement is in the best interest of the Class.

9.      There have been no objections to the Settlement or requests for exclusion by Class Members.

10.     All Class Members who did not opt out of the Settlement shall be bound by the Settlement.

11.     The Service payment of $2,000.00 to each of the three (3) Named Plaintiffs, Richard Magee, Andrew Carofano, and Amanda Fletcher, are approved as reasonable compensation for their work in pursuing this case on behalf of the Class.

12.     The Court hereby directs that the payments to the Settlement Class be made based on the formula set forth in the Settlement Agreement (DE 30-1), and be distributed in accordance with the terms of the Settlement Agreement.

13.     Pursuant to the Settlement (DE 30-1), all Class Members who did not opt out of the Settlement shall release Defendants from any FMWA claims that were or could have been alleged in the Complaint based on the facts alleged in the Complaint for the period of February 1, 2013 to December 31, 2016. Any Class Member who timely opted in under the FLSA by submitting a

4

Claim Form or by cashing any of the settlement checks shall also release any FLSA claims that were or could have been alleged in the Complaint based on the facts alleged in the Complaint for the period of February 1, 2013 to December 31, 2016. Any Class Member who did not file a timely Claim Form or who does not cash a settlement check shall not release any FLSA claims that were or could have been alleged in the Complaint based on the facts alleged in the Complaint for the period of February 1, 2013 to December 31, 2016.

14.     The Court finds that the attorneys' fees, costs and litigation expenses in the agreed to amount of $150,000.00 are fair and reasonable, and the Court authorizes and directs payment of that amount as fees and cost in accordance with the terms of the Settlement. It is well-settled that where a representative party has conferred a substantial benefit upon a class, class counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained. *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Based on the authority and the reasons set forth in the Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees, Costs, and Expenses (DE 35), the Court finds Class Counsels' requested attorneys' fees and costs in the amount of $150,000.00, comprised of $144,758.96 in fees and $5,241.04 in costs, to be reasonable given that Class Counsel has conferred a substantial benefit upon the Class. The Court notes that Class Counsel has incurred actual fees in excess of that amount. The fees are equivalent to 30% of the actual settlement payments of $475,830.75.

15.     Defendants shall pay the Settlement Administrator, Dahl Administration, its fees for serving as claims administrator, consistent with the terms of the Settlement Agreement.

5

16.     The employer's share of payroll taxes or contributions due on the back-pay portion of the Settlement shall be calculated by Dahl, and shall be paid by Defendants, consistent with the terms of the Settlement.

17.     Any settlement shares not claimed by Class Members either by not cashing their settlement checks within 120 days after the settlement checks are mailed or by not submitting a Claim Form shall revert to Defendants, consistent with the terms of the Settlement Agreement.

18.     The Settlement Administrator is directed to provide reports to Plaintiffs' counsel at 60, 90, and 120 days of the date settlement checks were mailed to Qualified Claimants regarding uncashed checks to Qualified Claimants, consistent with the terms of the Settlement.

19.     The Court retains continuing jurisdiction to construe, interpret and enforce the terms of the Parties' Settlement Agreement, to supervise the administration and distribution of the resulting settlement fund, to hear and adjudicate any dispute, enforcement, or litigation arising from or related to the Settlement or this Order, and for any other necessary purpose.

20.     This case is hereby **DISMISSED** with prejudice, consistent with the terms of the Settlement Agreement.

21.     The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in FTL , Broward County, Florida, this 23 day of February, 2018.

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

cc:     Counsel of Record

6